1

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES (BAR NO. 126002)

2

EVA YANG (BAR NO. 306215)
RAYMOND MURO (BAR NO. 259871)

3

555 South Flower Street
Forty-First Floor

4

Los Angeles, California  90071
Telephone:     (213) 892-9200

5

Facsimile:     (213) 892-9494
jeff.margulies@nortonrosefulbright.com

6

eva.yang@nortonrosefulbright.com
raymond.muro@nortonrosefulbright.com

7

8

Attorneys for Defendants
CVS HEALTH CORPORATION, and
CVS PHARMACY, INC.

9

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

13

JOYCE BENTON, MELISSA GRECO, ANTHONY SWETALA, and RALPH MILAN,

14

15

          Plaintiffs,

16

     v.

17

CVS HEALTH CORPORATION, and CVS PHARMACY, INC.,

18

          Defendants.

19

20

Case No. _____

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446**

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants CVS HEALTH CORPORATION, and CVS PHARMACY, INC. (jointly, "Defendants") file this Notice of Removal. The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(b). Defendants hereby provide "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a), and assert the following grounds for removal:

**I.    PROCEDURAL FACTS**

1.    On or about January 21, 2022, Plaintiffs Joyce Benton, Melissa Greco, Anthony Swetala, and Ralph Milan (jointly, "Plaintiffs") commenced the aforementioned action against Defendants by filing a Complaint in the Superior Court of the State of California, County of Alameda, entitled *Benton, et al., v. CVS Health Corp., et al.*, Case No. 22CV005828 (the "State Court Action"). True and correct copies of Plaintiffs' Summons and Complaint, and associated paperwork, are attached hereto as Exhibit A.

2.    The filing of this Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint as required by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6. Defendants were served with the State Court Action pursuant to California Code of Civil Procedure section 415.30 (notice and acknowledgement of receipt). The acknowledgement of receipt was executed on February 14, 2022. Service of summons by this method "is deemed complete on the date a written acknowledgment of receipt of summons is executed." Cal. Code Civ. Proc. § 415.30(c).

3.    Defendants will serve written notice of the filing of this Notice of Removal to Plaintiffs as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Alameda, as further required by that statute.

4.    Defendants are the only defendants named in the State Court Action, and there are no fictitiously named defendants. There are no other defendants that have been named and/or

DOCUMENT PREPARED
ON RECYCLED PAPER

served; no other defendants are required to consent to this Notice of Removal. 28 U.S.C. § 1441(a).

5.     On March 5, 2021, Plaintiffs, through their counsel, sent a pre-litigation demand and notice, as required under California's Consumers Legal Remedies Act, Civil Code §§ 1750 *et seq.*, alleging that CVS Health Corporation was selling homeopathic products that were unapproved and mislabeled new drugs to California consumers in CVS stores in California. A true and correct copy of Plaintiffs' pre-suit demand and notice is attached hereto as Exhibit B. The notice alleged that the sale of the homeopathic products violated California's Consumers Legal Remedies Act, Unfair Competition Law, and False Advertising Law, and supported claims for breach of warranty, unjust enrichment, and fraudulent concealment. *Id.*, at 15-16. It demanded that CVS cease selling homeopathic products labeled as drugs unless approved by the FDA, and "pay damages and restitution to consumers who purchased the Homeopathic Products in California" and "class members in California." *Id.*, at 2, 17. The Complaint which was filed, however, contains only one cause of action, for violation of the California Unfair Competition Law, and is not brought on behalf of any putative class. Further, the Complaint seeks only equitable remedies in the form of restitution and injunctive relief. Defendants are informed and believe that Plaintiffs and their counsel still intend to pursue monetary damages, and injunctive relief on behalf of a class of similarly situated consumers in California or nationwide. *See, e.g., id.*, at 17 & n.30.  Defendants are further informed and believe that the sole purpose of pleading the Complaint in such a way – *i.e.*, seeking only equitable relief on behalf of individual plaintiffs and disclaiming their intent to purchase homeopathic products from CVS in the future – is to attempt to skirt this Court's jurisdiction, and forum shop in order to have a state court determine Plaintiff's claim for injunctive relief, which would then be used to support a class claim for damages. In other words, the allegations in the Complaint regarding Plaintiffs' lack of standing and lack of equity jurisdiction (Complaint, ¶ 4) are a sham pleading and should be disregarded for purposes of removal.

## II.     VENUE

6.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Northern District of California embraces the Superior Court of the State of California in and for the County of Alameda, where the State Court Action is pending. This Court is a proper venue for removal of

DOCUMENT PREPARED
ON RECYCLED PAPER

105160220.1

NOTICE OF REMOVAL

the action.

III.  **SUMMARY OF COMPLAINT**

7.      Between December 2019 and January 2021, Plaintiffs purchased various homeopathic products from Defendants' retail locations. Complaint, ¶¶ 5-8. The homeopathic products were indicated for treating various conditions, such as flu symptoms and skin tags. *Id.*

8.      Plaintiffs aver that the homeopathic products "are regulated by the FDCA [the federal Food, Drug, and Cosmetic Act], 21 U.S.C. §§ 301, *et seq.* and in California by the Sherman Law, Cal. Health & Safety Code § 109875, *et seq.*" Complaint, ¶ 15. The Complaint alleges that the Sherman Law "incorporates FDA regulations for new drugs and nonprescription drugs as the regulations of California." Complaint, pg. 6 fn. 6. Plaintiffs allege that Defendants have violated, and continue to violate various provisions of the FDCA and the Sherman Law, by receiving, selling, delivering, holding, or offering for sale homeopathic products which have not been approved by the Food and Drug Administration to treat medical conditions and diseases. Complaint, ¶¶ 108-118. Based on these alleged violations of state and federal laws and regulations, Plaintiffs claim a violation of the "unlawful" prong of the California Unfair Competition Law. Complaint, ¶¶ 119-122.

9.      Plaintiffs seek to enjoin Defendants from selling homeopathic products labeled as drugs and intended to diagnose, cure, treat, mitigate or prevent any disease. Complaint, 34:11-14. Plaintiffs also seek restitution of amounts paid by Plaintiffs to purchase homeopathic products, in addition to their attorneys' fees. Complaint, 34:15-20.

10.     Plaintiffs Joyce Benton, Melissa Greco, Anthony Swetala, and Ralph Milan, are all alleged to be citizens of California. Complaint, ¶¶ 5-8. Defendants CVS Health Corporation and CVS Pharmacy, Inc., are both alleged to be corporations with their principal executive offices in Rhode Island. Complaint, ¶¶ 9, 10.

IV.  **REMOVAL BASED ON DIVERSITY OF CITIZENSHIP**

11.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, and as explained more fully below, this action involves citizens of different states and complete diversity.

12.    Defendants are informed and believe, based upon the allegations in Plaintiff's Complaint, that each plaintiff was, at the time the lawsuit was filed, a citizen of the State of California. *See* Complaint, ¶ 5 ("Plaintiff Joyce Benton is a citizen of the State of California and a resident of Alameda County, California."), ¶ 6 ("Plaintiff Melissa Greco is a citizen of the State of California and a resident of Tulare County, California."), ¶ 7 ("Plaintiff Anthony Swetala is a citizen of the State of California and a resident of Tulare County, California."), and ¶ 8 ("Plaintiff Ralph Milan is a citizen of the State of California and a resident of Orange County, California.").

13.    Defendant CVS Health Corporation is incorporated in Delaware, with its corporate headquarters in Rhode Island. *See* Complaint, ¶ 9. Defendant CVS Pharmacy, Inc., is incorporated in Rhode Island, with its corporate headquarters also in Rhode Island. CP, ¶ 9. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 U.S.C. § 1332(c)(1). A corporation incorporated in one state, and having its principal place of business in another, is a citizen of both states. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-492 (9th Cir. 1972). Principal place of business means "nerve center," which in turn is at the corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010) (rejecting all prior tests in favor of "nerve center" test). Defendants are therefore citizens of Delaware and Rhode Island.

14.    Defendants were not citizens of the State of California at the time of the filing of the Complaint. Plaintiffs were not citizens of the State of Rhode Island nor of the State of Delaware at the time of the filing of the Complaint. Thus, each Plaintiff is a "citizen of a State different from" each Defendant under 28 U.S.C. § 1332(a).

## V.    **AMOUNT IN CONTROVERSY**

15.    Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs …" 28 U.S.C. § 1332(a); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

As also explained more fully below, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

A.      **The $75,000 Threshold Is Met By the Costs to Defendants of Complying With an Injunction**

16.      Where declaratory or injunctive relief is sought, it is "well established" that the amount in controversy is measured by the value of the object of the litigation. *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008), quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). In the Ninth Circuit, the "amount in controversy" requirement is satisfied where either plaintiff can gain or defendant can lose the jurisdictional amount. *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-1034 (N.D. Cal. 2002). The amount in controversy may include "the cost of complying with an injunction." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Where, as here, the complaint does not state the amount in controversy, the notice of removal may do so. The notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

17.      The Complaint's express primary objective is injunctive in nature:  "This is an action to enjoin CVS from selling homeopathic products labeled as drugs to diagnose, cure, mitigate, treat, or prevent any disease or to affect the structure or any function of the body (hereinafter 'Homeopathic Products') in California … it is to enjoin CVS's sale of Homeopathic Products in California stores that are labeled as drugs without the required prior approval [of the FDA]." Complaint, ¶ 1. The cost to Defendants of complying with such an injunction is in excess of $75,000. *See Lokey v. CVS Pharmacy, Inc.*, No. 20-CV-04782-LB, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020) (denying motion to remand, where costs to CVS of complying with injunctive relief regarding labeling and marketing of infant's liquid acetaminophen was at least $3,888,363).

18.      Defendants sell over 200 different SKUs of homeopathic products, and the 2021 revenue from sales of those products in CVS stores in California was nearly $15 million. If CVS were to comply with the injunction by removing all homeopathic products from sale in California,

1   it would lose those sales. Even if an injunction were limited to the three products identified in the

2   Complaint – Boiron Oscillococcinum, CVS Homeopathic Skin Tag Remover, and CVS

3   Homeopathic EarAche Drops – Defendants' 2021 revenue from sale of those products in California

4   was approximately $700,000.

5   19.    In addition, were the court to enjoin Defendants from selling homeopathic products

6   in California, Defendants would incur in excess of $75,000 in costs due to removal and disposal of

7   the products, as well as the costs of coordinating this removal with dozens of suppliers.

8   Additionally, there would be internal costs to reconfiguring CVS store "planograms" and store

9   layout to account for all products removed from the shelves.[1]

10   20.    Finally, if Plaintiffs were to obtain an injunction requiring CVS to obtain FDA

11   approval in order to continue to sell the over-the-counter homeopathic products identified in the

12   Complaint, CVS would need to file an Over the Counter Monograph Order Request (OMOR) for

13   FDA to issue an order determining that a the homeopathic drugs are generally recognized as

14   safe/effective (GRAS/E). *See* 21 U.S.C. § 355h(b)(5). The fee for submitting an application for an

15   OMOR in Fiscal Year 2021 is $500,000. 86 Fed. Reg. 16223, 16224 (March 26, 2021).

16   **B.    The $75,000 Threshold Is Separately Met By the Request for Attorneys' Fees**

17   21.    If attorney fees are recoverable by plaintiff (either through statute or contract), the

18   fee claim is included in determining the amount in controversy, regardless whether the fee award

19   is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir.

20   1998). Plaintiffs seek their attorneys' fees pursuant to California Code of Civil Procedure section

21   1021.5.[2] Complaint, 34:17-18. The Ninth Circuit has held that "'a court must include future

22

23   [1] Moreover, Plaintiffs, through their allegations and the March 5, 2021 pre-litigation demand and
    notice letter, plainly take issue with the product labeling (*see, e.g.*, Complaint, ¶¶ 28, 64–68; *see*

24   *generally* Ex. B). Given the sham pleading and the indications above, Defendants believe
    Plaintiffs will likely later amend their Complaint to more specifically include labeling claims

25   and/or seek amendments to labeling as a part of the relief sought (such as requesting additional
    disclaimers on products).  If this were to occur, then the costs would be considerably more.

26   Namely, any potential efforts to modify labeling (or other requests that impact mass production of
    these goods) increases the costs as any such modifications will impact production of the affected

27   products in all states, not just California, in order to ensure product consistency.
    [2] Section 1021.5 allows a court to award attorneys' fees to a party who successfully enforces an

28   important right affecting the public benefit in certain circumstances.

DOCUMENT PREPARED
ON RECYCLED PAPER

attorneys' fees recoverable by statute ... when assessing whether the amount-in-controversy requirement is met.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019), quoting *Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

22.    Plaintiffs' lead attorney, Wyatt A. Lison, recently (in October 2021) submitted a motion for approval of a class action settlement and award of attorneys' fees in Alameda County Superior Court.[3] In that motion, his supporting declaration indicated hourly fees for lawyers ranging from $300 to $725 per hour, and a lodestar fee of $380,939 comprising a total of 648.1 hours in a class action that involved pre-litigation research, settlement discussions, pleadings, and confirmatory discovery. Assuming an average hourly rate of $500, plaintiffs' counsel's firm would incur $75,000 in fees with 150 hours of work, which would be easily surpassed given the complexity of the issues involved in this litigation, the number of products involved, and the amount of discovery expected.

For all the foregoing reasons, Defendants CVS Health Corporation, and CVS Pharmacy, Inc., respectfully submit that the State Court Action is removable to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

Dated: March 15, 2020

NORTON ROSE FULBRIGHT US LLP
JEFFREY B. MARGULIES
EVA YANG
RAYMOND J. MURO

By _____
JEFFREY B. MARGULIES
Attorneys for Defendants
CVS HEALTH CORPORATION, and
CVS PHARMACY, INC.

---

[3] *Connary, et al. v. S.C. Johnson & Son, Inc.*, Alameda Superior Court Case No. RG20061675, Department 23, Hon. Brad Seligam.