1

2

3

4

5

6

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9

10  JOYCE BENTON, et al.,

Plaintiffs,

11

v.

12

CVS PHARMACY, INC.,

13

Defendant.

14

15

Case No. 22-cv-01640-RS

**ORDER GRANTING MOTION TO
REMAND AND DENYING AS MOOT
MOTION TO DISMISS**

16  **I. Introduction**

17  Plaintiffs Joyce Benton, Melissa Greco, Anthony Swetala, and Ralph Milan brought suit in

18  Alameda County Superior Court against CVS Pharmacy, Inc. ("CVS") for alleged violations of

19  California's Unfair Competition Law ("UCL") and Sherman Food, Drug, and Cosmetic Law

20  ("Sherman Law") in the sale of homeopathic health products.[1] CVS removed the action to federal

21  court, and brings a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and

22  12(b)(6). Plaintiffs bring a motion to remand to state court. For the reasons explained below, there

23  is no subject matter jurisdiction in federal court over Plaintiffs' suit, and the matter is therefore

24  remanded to state court. The motion to dismiss is denied as moot. These motions are suitable for

25  disposition without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled

26

27  ───────────────

[1] Plaintiff also sued CVS Health Corporation, and voluntarily dismissed that defendant on March

28  23, 2022.

United States District Court
Northern District of California

1    for June 9, 2022 is vacated.

2                            **II. Factual and Procedural Background**

3           On January 21, 2022, the four plaintiffs filed a lawsuit in Alameda County Superior Court,

4    seeking to "enjoin CVS from selling homeopathic products labeled as drugs to diagnose, cure,

5    mitigate, treat, or prevent any disease or to affect the structure or any function of the body[.]"

6    Complaint ¶ 1. Plaintiffs call homeopathic products a "health fraud" that are "designed to entice

7    consumers to purchase what are labeled as natural side-effect free treatments usually associated

8    with self-limiting conditions like the cold and flu" and allege "there [are] no modern scientific

9    tests showing that they are effective to treat any condition." *Id.* at ¶ 2. Alleging violations of the

10   UCL and Sherman Law, Plaintiffs seek an injunction preventing CVS from selling homeopathic

11   products in California, restitution for the amount Plaintiffs paid to purchase homeopathic products,

12   and the award of attorneys' fees and costs. *Id.* at p.34.

13          On March 15, 2022, Defendant removed this action to federal court pursuant to 28 U.S.C.

14   § 1441(b) on the basis that this court has original jurisdiction over this action based on diversity of

15   citizenship. Plaintiffs are California residents, and CVS is incorporated and has its headquarters in

16   Rhode Island. Notice of Removal ¶¶ 12-13. On March 22, 2022, Defendant filed a motion to

17   dismiss. Defendant advances four main arguments. First, Defendant argues that Plaintiff's claim

18   for violation of the UCL is preempted by the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§

19   301 et seq. ("FDCA"). Second, Defendant argues that the case should be dismissed or stayed

20   because the primary jurisdiction doctrine applies and the Food and Drug Administration ("FDA")

21   is in the process of finalizing draft guidance on homeopathic drugs. Third, Defendant argues

22   Plaintiffs only purchased three homeopathic products at CVS, and thus do not have standing to

23   enjoin the sale of any other product they purchased. Fourth, Defendant argues that Plaintiffs fail to

24   state a claim under the UCL to enjoin CVS from selling the products they did not purchase.

25          A week later, Plaintiffs brought a motion to remand. Plaintiffs argue there is no federal

26   subject matter jurisdiction in federal court over their single claim for restitution and injunctive

27   relief. As for injunctive relief, Plaintiffs do not allege an intent to purchase homeopathic products

28   in the future, and argue that standing under Article III is therefore not met as to the claim for

United States District Court
Northern District of California

injunctive relief. Plaintiffs then argue that without the claim for injunctive relief, the amount in controversy to establish diversity jurisdiction is not met. Plaintiffs further argue that even if subject matter jurisdiction existed, they do not allege they lack a legal remedy for their claim, and thus remand under *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834, 839-42 (9th Cir. 2020), is appropriate. As the motion to remand concerns jurisdiction to adjudicate this case in federal court, it must be addressed first.

### III. Motion to Remand

#### A. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal district court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over, *inter alia*, civil cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a).

Standing is a requirement for federal court jurisdiction. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 338. "As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018).

#### B. Discussion

First, Plaintiffs do not have standing in federal court to pursue their claim for injunctive relief. In *Davidson v. Kimberly-Clark*, the Ninth Circuit considered the question of whether "a previously deceived consumer who brings a false advertising claim can allege that her inability to rely on the advertising in the future is an injury sufficient to grant her Article III standing to seek injunctive relief." 889 F.3d at 967. The Ninth Circuit held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original

purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id.* at 969 (quoting *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009)). "In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969-70. In *Davidson*, which involved wipes advertised as "flushable" that in reality could cause damage to plumbing if flushed down a toilet, the plaintiff's alleged harm of "her inability to rely on the validity of the information advertised on Kimberly–Clark's wipes despite her desire to purchase truly flushable wipes" was sufficient to establish an injury as required for Article III standing. *Id.* at 971.

The present case differs from *Davidson*, in that Plaintiffs explicitly state they do not plan to purchase any homeopathic products from CVS in the future, because they believe such products are a "health fraud." Indeed, in *Davidson*, the plaintiff explained why she would be interested in purchasing the type of product at issue were it not falsely advertised. *See* 889 F.3d at 971 ("Her desire is based on her belief that 'it would be easier and more sanitary to flush the wipes than to dispose of them in the garbage.'"). Here, Plaintiffs express no interest in ever purchasing homeopathic products in the future. An intention to purchase in the future, however, is necessary to establish Article III standing. *See In re Coca-Cola Prod. Mktg. & Sales Pracs. Litig. (No. II)*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("Without any stated desire to purchase Coke in the future, [Plaintiffs] do not have standing to pursue injunctive relief.").

CVS presents arguments intended to discredit Plaintiffs' intent not to purchase homeopathic products. CVS argues that Plaintiffs seek a broad injunction across a variety of products, and like other consumers may be confused about which products are homeopathic and which are not. Plaintiffs, however, allege they have gained knowledge about what homeopathic products are, and have no interest in buying that category of product. Defendant also calls Plaintiffs' desire not to purchase the product "sham allegations" designed to avoid federal jurisdiction. *See* Opposition to Motion to Remand, p.13. A desire not to purchase a product a person believes is fraudulent, however, hardly seems like a sham. In short, there is no Article III subject matter jurisdiction over Plaintiffs' claim for injunctive relief.

United States District Court
Northern District of California

Next, without the claim for injunctive relief, diversity jurisdiction cannot be established. Federal district courts have original jurisdiction over civil actions in which the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The parties agree that the suit is between citizens of different states, but disagree as to whether the amount in controversy exceeds $75,000. Further, Plaintiffs do not contest that if the claim for injunctive relief was properly before this Court, the amount in controversy would exceed $75,000. Plaintiffs instead argue that the amount in controversy requirement cannot be satisfied by the restitution claim alone.

Plaintiffs are correct that the amount in controversy requirement cannot be satisfied by the restitution claim. As the amount of restitution Plaintiffs could recover for the purchase of a small number of products totals less than $100,[2] the amount in controversy can only be met via a possible award of attorneys' fees. Although the Ninth Circuit has held that attorneys' fees may be included when calculating the amount in controversy, *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998), inclusion of attorneys' fees is inappropriate in this context. Defendant argues that Plaintiffs may receive an award of attorneys' fees over $75,000 if Plaintiffs achieve an injunction; the injunction Plaintiffs seek, however, cannot be issued by federal court for the reasons described above, and thus any attorneys' fees that could be gained for obtaining an injunction cannot be included in the amount in controversy.

Further, it is unclear whether Plaintiffs would be entitled to an award of attorneys' fees. California Code of Civil Procedure 1021.5 allows an award of attorneys' fees if "a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons[.]" The inclusion of attorneys' fees in the amount in controversy is a matter of discretion for a district court. *See Galt*, 142 F.3d at 1156. As other district courts have held, that a court "may" award attorneys' fees under California Code of Civil Procedure 1021.5 means that "reliance on an award of attorneys' fees" to establish amount in controversy is "speculative." *See*

---

[2] In their motion to remand, Plaintiffs state that a restitution award "is likely in the tens of dollars." Motion to Remand, p.9.

ORDER GRANTING MOTION TO REMAND
CASE NO. 22-cv-01640-RS

*Dickinson v. Comerica Bank*, No. 5:21-cv-00566-JWH-SPx, 2021 U.S. Dist. LEXIS 135200, at *5 (C.D. Cal. July 19, 2021). Particularly here, where it is unclear whether success on the restitution claim would produce "a significant benefit" for "the general public or a large class of persons," reliance on attorneys' fees to establish amount in controversy is too speculative, and thus attorneys' fees are not considered to establish the amount in controversy. Without consideration of attorneys' fees, the amount in controversy for diversity jurisdiction is not satisfied, and there is no subject matter jurisdiction over the claim for restitution.

As a final matter, CVS accuses Plaintiffs of forum shopping by designing their complaint in such a way that it is not removable to federal court. Although it appears that Plaintiffs have indeed crafted their complaint in that way, a set of California plaintiffs seeking to enforce California state law in California state court can hardly be described as inappropriate forum shopping. Moreover, subject matter jurisdiction is not a discretionary matter; if it is not satisfied, the case may not be adjudicated in federal court. A federal district court cannot simply choose to preside over a case in which no subject matter jurisdiction exists. In short, the motion to remand is granted due to lack of subject matter jurisdiction. The motion to dismiss is therefore denied as moot.

### IV. Conclusion[3]

The motion to remand is granted. The motion to dismiss is denied as moot.

**IT IS SO ORDERED**.

Dated: May 31, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

[3] Plaintiffs' argument that this Court lacks equitable jurisdiction over the claim for restitution under *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834 (9th Cir. 2020) is not addressed, as it is not necessary for the resolution of this motion.